## WILLIAM GIRDWOOD ET AL. v. JESSE G. BALDER AND RICHARD CASPER, PARTNERS, ETC.

Decided March 13, 1928.

Before GUMMERE, CHIEF JUSTICE, and Justices BLACK and LLOYD.

For the rule, *Jacob Schneider.*

*Contra, Stamler & Kessler.*

PER CURIAM.

The plaintiff William Girdwood sued to recover compensation for personal injuries received by him in a collision between an automobile which he was driving, and which belonged to the other plaintiff, with a load of lumber upon a truck of the defendants which had been stalled, or stuck in the mud, while entering the premises of the Eastern Sash Company for the purpose of delivering lumber to their plant, which was located on Morris avenue, in Union county. The other plaintiff, E. Nelson Girdwood, sued to recover compensation for damage done to the automobile, which he owned and which William was driving. The trial resulted in a verdict in favor of the two plaintiffs.

The first ground upon which we are asked to set aside the verdict is that the trial court erred in refusing to grant a nonsuit or direct a verdict in favor of the defendants. The ground of the motion was that the proofs showed conclusively

that the accident was solely the result of the negligence of William Girdwood in failing to observe the situation. The proofs showed that this truck belonging to the defendants was stalled across the road. It had a trailer to it. There was room to pass behind the trailer, except for the fact that it was loaded with lumber which projected a considerable distance beyond the rear end thereof. The day was very foggy. There was nothing to indicate the presence of the projecting timbers, no light hung on the end thereof, and no person in charge thereof to warn travelers on the highway of the existing situation. In view of these facts, the trial court considered that the question whether William Girdwood was negligent was not one of law, to be determined by the court, but one of fact, to be settled by the jury. We concur in the conclusion reached by the trial judge upon this point.

The only other ground upon which we are asked to interfere with the verdict is based upon the contention that the trial court erred in allowing three witnesses who were called by the plaintiffs to describe the conditions existing at the scene of the accident after their arrival at that point, they not having reached there until some time after the accident happened, and (as was asserted by counsel for the defendants) there being no proof adduced to show that the conditions had not been changed between the time of the happening of the accident and the time when these several witnesses arrived there. But this assertion is based upon a misapprehension of the proofs. The accident occurred shortly after noon. One of the witnesses called by the plaintiffs had already testified that he was the driver of a bus which traveled backward and forward on Morris avenue; that he passed this stalled truck as early as nine o'clock in the morning; that the wheels were then stuck in the mud; that he made his last trip about three o'clock, and that the truck was still in the situation in which he first observed it. The witnesses whose testimony was objected to all observed the situation concerning which they testified at a time prior to the last trip made by the witness to whom we have just referred.

The rule to show cause will be discharged.