ANNA SOKIERA, ADMINISTRATRIX AD PROSEQUENDUM, PLAINTIFF-RESPONDENT, v. H. A. JAEGER, INCORPORATED, A CORPORTION, DEFENDANT-APPELLANT.

Submitted May 2, 1933—Decided December 15, 1933.

Before BROGAN, CHIEF JUSTICE, and Justices TRENCHARD and HEHER.

For the appellant, *McDermott, Enright & Carpenter* (*Carl S. Kuebler,* of counsel).

For the respondent, *Martin P. O'Connor.*

PER CURIAM.

The plaintiff obtained a judgment against the defendant for damages for the death of her husband, and the defendant appeals.

At the trial it appeared, among other things, that on July 27th, 1928, between ten and eleven o'clock at night, the defendant's automobile truck, to which was coupled a trailer, upon which was loaded a steam shovel, was being driven along Edgar road, a public highway in the city of Linden. The apparatus was about forty-nine feet in length and was in charge of defendant's employes. At the time of the accident there was a heavy rain, accompanied by wind and fog. While the plaintiff's intestate, about forty years of age, and in good health, was crossing Edgar road where it intersects Ashton street, he was struck by the caterpillar wheel of the steam shovel, which projected over the side of the trailer, and was drawn under the wheel and killed.

The defendant first says that the trial court erroneously refused to grant defendant's motion for a nonsuit.

We think not, in view of the testimony as to inadequate lighting of the truck and trailer in the circumstances. Thus Frank Sobozenski testified that he lived at the corner of Edgar road and Ashton street where the accident occurred; that he had been to a carnival on Edgar road and was on his way home when he saw a man (decedent) in front of him about fifteen feet away walking in the same direction; that when decedent got to the corner of Ashton street and Edgar road he stepped into the street and started to cross, at which time it was raining and foggy, when suddenly he heard a distressing cry and saw a white object fly; that he went across the street and saw the decedent lying on the ground; that a man took decedent's body out from underneath the wheel; that he saw the truck when he got alongside of it; that he did not see the apparatus passing along Edgar road. He testified that *the lights on the machine could not be seen until he got "right close to it,* I seen one light." There was other evidence to the same general effect.

The motion for nonsuit was made based upon two grounds: first, that there was no proof of negligence of the defendant, the contention being that the truck was operated at five miles per hour; that there were two lights on the front of the truck; that there was a red light on the left side of the crane

cabin and within a few feet of where the man came in contact with the cabin, and another light on the rear left side of the crane cabin; the second ground was contributory negligence of decedent, the contention being that he was running toward the truck; that he was looking toward headlights which were approaching him and that he ran in front of the caterpillar on the left side of the crane at a point which is a few feet from where there was a red light.

We think that defendant's motion failed to take into account the condition of the weather, the absence of lights in the neighborhood, and the condition and location of such lights as there were on the truck and trailer. The evidence tends to show the following matters of fact: It was a very dark night, and at the point of the accident there was no street light, and the absence intensified the darkness. There was a very heavy rain falling, and misty and foggy weather prevailing. On the front of the automobile truck two ordinary kerosene lanterns were used for headlights. A red lantern was placed on the side of the cabin of the shovel or crane three or four feet removed from the surface of the caterpillar wheels which went over the decedent. These lights were *very dim*. The globes were smoky and dirty, and the condition of the weather did not render them visible. The evidence tended to show that they could not be seen until one was alongside of them. It was therefore open to the jury to find that these lights did not reasonably apprise a pedestrian using the highway of the danger present. Of course it was the duty of the defendant to give warning by proper lights of sufficient brilliance and volume and properly located on the apparatus as notice or warning of the approaching danger to one lawfully using the highway. Whether or not the lights used were of sufficient strength and properly located on the apparatus, in the existing circumstances, we think was a factual question for the jury to determine and the evidence is ample from which the jury could, as they did, find negligence on the part of the defendant. As to the question of speed we think it was open to the jury to find negligence in driving even as slowly as five miles an hour this

apparatus if its approach could not be seen or identified upon the highway by reasonable lights as notice or warning of the danger to pedestrians lawfully using the highway, as the jury evidently found.

As to the contributory negligence, there was evidence that decedent was walking across a street intersection. As we have said, there was evidence tending to show that the light or lights on this apparatus gave no warning of the danger present; that the lights were dim by reason of smoky globes and could not be seen until one was upon them; that the weather also tended to diminish the effect of these lanterns. Of course the decedent was not required to look in any one direction continuously. His safety required him to make other observations of approaching vehicles. Whether or not he made reasonable observations for his safety in the particular circumstances, was a question of fact for the determination of the jury.

The defendant next says that the trial court erroneously refused to direct a verdict in favor of the defendant.

If, as we think, it was proper to deny the motion for a nonsuit, it seems clear that the situation was not changed at the conclusion of the defendant's case so as to make it the duty of the court to grant the motion for a direction of a verdict in its favor.

It is next said that the trial judge erroneously refused to charge the defendant's fifth request to charge which was as follows: "If the lights on the truck and trailer were rendered less visible by heavy rain or storm, it was a circumstance beyond the control of the defendant and for which the defendant cannot be chargeable."

We think such request was properly refused because it assumes as a fact that the lights on the truck and trailer were of reasonable brilliancy, volume and strength as to light and reasonable in number and location on the apparatus to give reasonable and proper notice and warning to others, who had a lawful right to be in the highway, of the danger present. If, as the evidence tended to show, they were not within the assumption of the request and their condition became aggra-

vated by rain and storm, the defendant could not be relieved or excused from liability on the theory that he had no control over the storm. If the storm or rain had a tendency to diminish lights which were not reasonable in the first instance, such circumstance would not exclude defendant from liability. True, the defendant had no control over the storm, but it did have control over the lights, and if they were insufficient in the circumstances of the storm so as to render them not reasonably effective as a notice and warning to others lawfully in the highway, defendant proceeded at its peril, and if in such circumstances injured another who was exercising reasonable care, it would be responsible.

Lastly it is said that the trial judge erroneously refused to charge the defendant's sixth request to charge which was as follows: "If the deceased could have, with the exercise of that precaution expected of a reasonably prudent man, seen or heard the approaching truck and trailer or seen the lights thereon, he is guilty of contributory negligence and the plaintiff cannot recover."

It seems to us that the court in its charge fairly and substantially stated the law as pertinent to the defense of contributory negligence, and it was not error to refuse to repeat it in language chosen by the defendant. Further, the request to charge was properly refused because as drafted it did not correctly state the rule applicable to the case. It overlooked the element of the proximity of the truck or its lights to decedent when the truck was seen or heard by him, or capable of being seen or heard by him, while exercising due care.

The judgment will be affirmed, with costs.