31 N.J. Super. 439 (1954)
107 A.2d 31
JOSEPH BOODY, 3RD, A MINOR BY HIS FATHER AND NEXT FRIEND, JOSEPH BOODY, 2ND AND JOSEPH BOODY, 2ND, IN HIS OWN RIGHT, PLAINTIFFS-APPELLANTS,
v.
GOOD BROS., INC., A CORPORATION, DEFENDANT-RESPONDENT. JOSEPH BOODY, 3RD, A MINOR BY HIS FATHER AND NEXT FRIEND, JOSEPH BOODY, 2ND AND JOSEPH BOODY, 2ND, IN HIS OWN RIGHT, PLAINTIFFS-APPELLANTS,
v.
JOHN M. WILSON, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued July 6, 1954.
Decided July 26, 1954.
*441 Before Judges SMALLEY, PROCTOR and GRIMSHAW.
Mr. Warren C. Douglas (Mr. Walter S. Keown, of counsel) argued the cause for plaintiffs-appellants (Mr. N. Thomas Smaldore, attorney).
Mr. Samuel P. Orlando argued the cause for defendant-respondent Good Bros., Inc. (Messrs. Orlando, Devine & Tomlin, attorneys).
Mr. Sidney P. McCord, Jr., argued the cause for defendant-respondent John M. Wilson (Messrs. Starr, Summerill & Davis, attorneys).
The opinion of the court was delivered by PROCTOR, J.S.C.
The plaintiffs appeal from judgments of dismissal entered on motions of the defendants upon the close of plaintiffs' cases.
The infant plaintiff and his father brought an action against the defendant Wilson and also a separate action against the defendant Good Bros., Inc., which were consolidated for trial. The actions were to recover damages for personal injuries received by the infant plaintiff, five years of age, and by his father for consequential losses.
Considering the evidence in the light most favorable to the plaintiffs, as is required on such motions, it was open to the jury to find the following: The infant plaintiff attempted to cross Ninth Street in a westerly direction from the southeast corner of its intersection with Pearl Street in the City of Camden. At that time Ninth Street was a two-way *442 street going north and south. A truck owned by the defendant Good Bros., Inc. was parked on the wrong (east) side of Ninth Street facing south about six or eight feet south of the curb line of Pearl Street. The infant plaintiff stepped from the curb "just behind the truck," that is, between the rear of the truck and the south curb line of Pearl Street at the crosswalk, and proceeded to cross when he was struck by an automobile driven by the defendant Wilson which was traveling north on Ninth Street. The infant plaintiff, after the impact, was found on the ground, "even with the back bumper" of Wilson's automobile, in the center of the intersection of the two streets, each of which is 30 feet wide.
The fact that the truck was parked on the street facing the wrong direction is of no significance. Powers v. Standard Oil, 98 N.J.L. 730 (Sup. Ct. 1922). However, a jury could find that the truck, parked as it was so near to the curb line of Pearl Street, obstructed the view of pedestrians of the approach of passing vehicles on Ninth Street and also prevented the drivers of such vehicles from observing pedestrians on the crosswalk. R.S. 39:4-138, as amended L. 1951, c. 23, provides "no operator of a vehicle shall stand or park the vehicle in any of the following places: * * * b. On a crosswalk; * * * e. Within twenty-five feet of the nearest crosswalk or side line of a street or intersecting highway * * *"; In the absence of a valid excuse a jury could infer negligence from this infraction of the statute. Baker v. Fogg & Hires Co., 95 N.J.L. 230 (E. & A. 1920); Niles v. Phillips Express Co., 118 N.J.L. 455 (E. & A. 1937). It could find that if the truck had not obstructed the views of Wilson and the infant plaintiff or the view of either of them, the boy would not have been struck by the Wilson automobile and that the parking of the truck in the manner described was a contributing element in causing the infant plaintiff's injuries; that the parking of the truck created a dangerous situation which its owner could have anticipated might cause injuries to pedestrians at the intersection. See *443 Milbury v. Turner Center System, 274 Mass. 358, 174 N.E. 471, 73 A.L.R. 1070, and note at 1074 (Sup. Ct. 1931); Domitz v. Springfield Bottlers, 359 Mo. 412, 221 S.W.2d 831 (Sup. Ct. 1949).
The question of Wilson's negligence should also have been submitted to the jury. He was required to use due care to observe whether or not pedestrians were crossing the crosswalk at the street intersection and to have his automobile under such control as not to jeopardize their safety. Stern v. Stulz-Sickles Co., 109 N.J.L. 415 (E. & A. 1932). R.S. 39:4-36, as amended L. 1951, c. 23, provides that the driver of a vehicle shall yield the right of way to a pedestrian crossing the roadway within a crosswalk. See Clarkson v. Ley, 106 N.J.L. 380 (E. & A. 1930). A jury could find from the evidence that when Wilson was approaching the intersection his view was obstructed by the parked truck; that the infant plaintiff was crossing the street at the crosswalk when he was struck by the Wilson automobile which continued through the intersection until its rear bumper, together with the infant plaintiff, was at the center of the intersection. "The duty of keeping a vigilant outlook in order to fulfill the obligation of the exercise of ordinary care is especially applicable in a case involving an approach to an intersection along the road or street from which a view of the intersecting way is obstructed." Blashfield Cyclopedia of Automobiles, Sec. 1041.
Under the circumstances it was for the jury to determine whether or not Wilson used the proper degree of care.
Reversed and remanded, costs to abide the event.