160 N.J. Super. 14 (1978)
388 A.2d 1026
WOODROW PAIR ET AL., PLAINTIFFS,
v.
ALVIN BLAKLY ET AL., DEFENDANTS, AND GEORGE E. SHAW ET UX., DEFENDANTS AND THIRD-PARTY PLAINTIFFS-APPELLANTS,
v.
GEORGE KRUG, ETC., THIRD-PARTY DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Submitted February 6, 1978.
Decided May 31, 1978.
*15 Before Judges FRITZ, BOTTER and ARD.
Messrs. Sutton, Ward, Sutton, Heim & O'Malley, attorneys for appellants.
Messrs. Lomell, Muccifori, Adler, Kearney, Ravaschiere & Amabile, attorneys for respondent (Mr. Dominic Ravaschiere on the brief).
The opinion of the court was delivered by FRITZ, P.J.A.D.
This appeal springs from an incident in which the infant plaintiff was shot by a "BB," a small pellet projected from a gun designed to fire such shot. The third-party defendant, George Krug, was impleaded by defendants as the one who sold the BB's, in a third-party complaint which charged in its first count that the BBs were "negligently and carelessly sold * * * in violation of the statutes in such cases provided." In a second count *16 to that complaint the allegations of the first count were repeated and contribution was sought under the Joint Tortfeasors Contribution Law. It appears undisputed that the sale was to one younger than 18 years of age.
Krug moved for summary judgment which was granted. After the principal case was concluded by a trial resulting in a verdict for the infant plaintiff in the amount of $93,000, for disability, suffering and damages incurred as a result of her having been struck in the eye by a BB, a consent judgment aggregating a "total payment" of $100,000, including interest, was entered. Defendants thereafter filed a notice of appeal from the grant of Krug's motion for summary judgment.
Summary judgment was granted on the narrow basis that BB shot was not a "blank cartridge" within the intendment of N.J.S.A. 2A:151-10 which prohibits the sale of certain weapons and explosives "or any loaded or blank cartridge therefor." We need not presently decide the correctness of this determination because we are satisfied that in the circumstances of this matter judgment should not in any event have been entered on such a limited view.
Without regard to the question of a civil duty imposed by statute, we consider the doctrine of common law negligence and the circumstances of this case.[1] Justice Jacobs defined negligence succinctly in Ettin v. Ava Truck Leasing, Inc., 53 N.J. 463 (1969):
*17 In Rappaport v. Nichols, 31 N.J. 188 (1959) we pointed out that negligence is tested by whether the reasonably prudent person at the time and place should recognize and foresee an unreasonable risk or likelihood of harm or danger to others (Schaublin v. Leber, 50 N.J. Super. 506, 510 (App. Div. 1958)); that the standard of care is the conduct of the reasonable person of ordinary prudence under the circumstances (Ambrose v. Cyphers, 29 N.J. 138, 144 (1959)); and that the negligence may consist in the creation of a situation which involves unreasonable risk because of the expectable action of others (Brody v. Albert Lifson & Sons, 17 N.J. 383, 389 (1955)). 31 N.J., at 201. * * * [at 483]
This is entirely consonant with 2 Restatement, Torts 2d, § 308 at 100 (1965):
It is negligence to permit a third person to use a thing or to engage in an activity which is under the control of the actor, if the actor knows or should know that such person intends or is likely to use the thing or to conduct himself in the activity in such a manner as to create an unreasonable risk of harm to others.
Ordinarily we leave such matters to a jury. As we said in Schaublin v. Leber, 50 N.J. Super. 506 (App. Div. 1958):
* * * Generally it is for a jury to say what the reasonable man would foresee, since its decision is thought most likely to accord with commonly accepted standards. The courts allow wide latitude to the jury, restricting their sphere sparingly, on an ad hoc basis, where one conclusion only seems warranted by the facts. 2 Harper and James, Law of Torts, pp. 936-937. [at 510]
Where a storekeeper purveys, to one under 18, a product such as BBs which are primarily designed for a use that if improperly managed is dangerous, we will not say as a matter of law that only a conclusion of reasonableness of that conduct seems warranted. See Stoelting v. Hauck, 32 N.J. 87, 95-96 (1960).
Beyond this, the fact of the matter is that sale to a person under the age of 18 or possession by a person under *18 the age of 18[2] of a gun from which BBs may be fired is criminal conduct. N.J.S.A. 2A:151-10, N.J.S.A. 2A:151-11; N.J.S.A. 2A:151-1(a). While, as the trial judge noted, BBs can be used for other things, the use for which they are obviously designed is one in which, if those under 18 are involved, criminal conduct is almost certainly a prerequisite.
In such a case we believe the law should permit inquiry, in a civil suit, into the reasonableness of the seller's conduct.
We reverse the summary judgment and remand for trial on the issue of Krug's negligence vel non as a joint tortfeasor.
NOTES
[1] For an example of the interrelationship between a duty imposed by legislation and that of the common law, as well as consideration of a common law cause of action in the absence of statutory (in the case, city ordinance) violation, see Semeniuk v. Chentis, 1 Ill. App.2d 508, 117 N.E.2d 883 (App. Ct. 1954). As against the suggestion here that the negligence charged in the complaint is (or seems to be) predicated solely on statutory responsibility, we observe that our policy of liberality in the amendment of pleadings to the end that justice be done should be the only response necessary in a matter concluded on less than the merits.
[2] With certain exceptions not here applicable.