171 N.J. Super. 310 (1979)
408 A.2d 1083
THERESA PALMISANO, JOHN SQUARTINO AND ANNA SQUARTINO, HIS WIFE, PLAINTIFFS-APPELLANTS,
v.
FRANK EHRIG, (A/K/A WALTER EHRIG, SR.), ELEANOR EHRIG, HIS WIFE, WALTER EHRIG (A/K/A/ WALTER EHRIG, JR.), SCOTT LITCHMAN, RONALD M. OLEAR AND GEORGE WARGO, DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued September 11, 1979.
Decided October 25, 1979.
*311 Before Judges CRANE and MILMED.
Judge KING participated in the decision with the consent of counsel.
James F. Ryan, Jr. argued the cause for appellants (Dowd, Dowd & Ryan, attorneys).
Edward Peter Papalia, Jr. argued the cause for respondents (Elliot N. Fabricant, attorney; Lawrence A. Wander, of counsel and on the brief).
*312 The opinion of the court was delivered by CRANE, P.J.A.D.
Plaintiffs appeal from an order granting summary judgment in favor of defendants Frank Ehrig and Eleanor Ehrig. Plaintiffs' complaint alleged that the Ehrigs negligently stored firearms in their first-floor apartment, one of which was discharged, causing injury to plaintiff Theresa Palmisano, an occupant of the second-floor apartment.
An examination of the pleadings, affidavits and other documents on file indicates that Mr. and Mrs. Ehrig, the owners of a three-story, three-family dwelling, occupied the first floor. At the time of the incident they were away on a vacation in Europe. In answers to interrogatories Frank Ehrig stated that in June 1975 his son Walter removed his clothing and other personal effects from the apartment, surrendered the key and left to establish his own apartment. An affidavit signed by Mrs. Ehrig indicated that at the time she and her husband left for vacation all windows and doors in the home were locked. During their absence their son Walter, 23 years of age, entered the apartment and allowed three of his friends to occupy the apartment with him. Walter showed his friends his father's guns which were kept in an unlocked closet and the ammunition which was kept in a box on the closet shelf. While Walter was out with a girlfriend, Scott Litchman, one of the friends who was staying in the apartment, loaded one of the guns, a .22-caliber rifle. It slipped from his hands; the butt struck the floor and the rifle discharged, firing a shot through the ceiling which struck and injured Mrs. Palmisano.
The trial judge also had before him the report of plaintiff's firearm expert indicating that the firearms should have been stored in a locked place separate from the ammunition, that trigger locks could also have been used or the weapons rendered temporarily inoperative by removal of an essential part.
In ruling on the motion, the judge expressed the opinion that an attempt to hold the parents responsible for a situation such *313 as this would extend the doctrine of foreseeability beyond all reason and would make foreseeability synonymous with omniscience.
We reverse.
In our view plaintiffs should have been afforded an opportunity to develop their case fully before a jury rather than having the issues decided on the sparse record presented by the motion for summary judgment. Hill v. Yaskin, 75 N.J. 139, 143 (1977). The role of the judge in deciding a motion for summary judgment is to decide whether there is a genuine issue of fact, not to decide the issue if he finds it to exist. Judson v. Peoples Bank & Trust Co. of Westfield, 17 N.J. 67, 73 (1954). In the instant case the judge undertook to decide an essential factual issue, namely, that of foreseeability as it relates to defendants' duty of care as well as proximate cause. Ordinarily the question of proximate cause and the effect of intervening causes are to be decided by the jury. Rappaport v. Nichols, 31 N.J. 188, 203-204 (1959); Torsiello v. Whitehead Laboratories, 165 N.J. Super. 311, 327 (App.Div. 1979).
In deciding the motion the judge apparently assumed that in order to find in favor of plaintiffs a jury would have to find that it was foreseeable that someone would enter the house and cause one of the guns to discharge. In making such an assumption he erred. Firearms have been held to be inherently dangerous instrumentalities. Stoelting v. Hauck, 32 N.J. 87, 95 (1960). One who possesses firearms is under a duty to use extraordinary care in their handling. McAndrew v. Mularchuk, 33 N.J. 172, 183 (1960): Davis v. Hellwig, 21 N.J. 412, 416 (1956). The extraordinary degree of care imposed includes a duty to take such steps as will protect an innocent person from the expectable action of other persons. Pair v. Blakly, 160 N.J. Super. 14, 17 (App.Div. 1978), certif. den. 77 N.J. 509 (1978).
In order to prevail at a trial on the merits, plaintiffs are not required to demonstrate that the precise events could have *314 been foreseen; they are only required to demonstrate that some harm might reasonably be anticipated. Trentacost v. Brussel, 164 N.J. Super. 9, 17 (App.Div. 1978); Andreoli v. Natural Gas Co., 57 N.J. Super. 356, 367 (App.Div. 1959); Avedisian v. Admiral Realty Corp., 63 N.J. Super. 129, 133 (App.Div. 1960).
Judgment reversed.