EDWARD J. TRAINOR AND JACQUELYN TRAINOR, HIS WIFE,
PLAINTIFFS-RESPONDENTS, v. FRANCISCO SANTANA,
DEFENDANT-APPELLANT.

Argued March 24, 1981—Decided June 15, 1981.

*Donald S. McCord, Jr.* argued the cause for appellant (*O'Donnell, McCord & Leslie,* attorneys).

*Lewis Stein* argued the cause for respondents (*Nusbaum, Stein, Goldstein & Bronstein,* attorneys).

The opinion of the Court was delivered by

SULLIVAN, J.

This appeal presents the question whether the "fireman's rule" bars plaintiff, a police officer, from recovering damages from defendant for personal injuries caused by defendant's

negligent operation of his automobile after it was stopped for a traffic violation. The fireman's rule, applicable in tort cases, is that because it is a fireman's business to deal with the usual hazards involved in fighting fires, a fireman "cannot complain of negligence in the creation of the very occasion for his engagement." *Krauth v. Israel Geller and Buckingham Homes, Inc.,* 31 *N.J.* 270, 274 (1960). In *Krauth* this Court held that an owner or occupier of land was not liable to a fireman injured while fighting a fire negligently created by the owner or occupier.[1] *Id.* at 274–278. This Court has never dealt with the fireman's rule in the context of a policeman injured in the line of duty.

In the instant case, plaintiff Edward Trainor, a police officer employed by the Town of Dover, sustained injuries while attempting to arrest defendant Francisco Santana on a traffic charge. Thereafter, plaintiff and his wife filed a tort action against defendant charging him with negligence in the operation of his automobile. Plaintiffs' proofs may be briefly summarized. On January 4, 1976 at about 2:50 a. m., plaintiff, while on patrol duty with another officer, observed defendant's car being operated at a high rate of speed. He commenced pursuit with his overhead lights flashing. After several blocks the officers came upon the car stopped on the side of the road. Plaintiff parked the patrol car behind the vehicle and walked up to it. He directed his flashlight inside the car and saw defendant and another man crouched down in the front seat. Plaintiff opened the front door and asked for defendant's license, registration and insurance card and advised him that he was under arrest. According to plaintiff, defendant shouted "no license" and tried

---

[1] *Krauth,* however, notes that exceptions to the rule may exist with respect to conditions creating undue risks of injury beyond those inevitably involved in fire fighting. 31 *N.J.* at 274–275. See *Jackson v. Velveray Corp.,* 82 *N.J.Super.* 469 (1964), where the Appellate Division interpreted *Krauth* as having adopted the undue risk of injury exception. *Id.* at 474.

to close the door, momentarily pinning plaintiff's arms inside the car. At the same time defendant tried to speed off. The car, however, was parked in an icy area and the rear wheels kept spinning on the ice. Plaintiff freed himself and stepped back. The car suddenly regained traction and lurched toward plaintiff who, while attempting to jump out of the way, was struck by the left side of the car. As it sped off, plaintiff and his partner drew their service revolvers and fired at the tires of the car which turned into a private driveway a short distance away. The occupants fled into a nearby house. Defendant was found, fully dressed, in a bed inside the house and was arrested.[2]

Defendant's version was that he lived near the scene of the incident and was parking his car where he customarily leaves it overnight when he saw the police car pull up behind him. As the police officer approached defendant's car, it began to slide backward on the icy road. Defendant then accelerated to avoid slipping back into the police car. At that point he heard gunshots, turned into a nearby driveway, and ran into his house. He denied that his car struck plaintiff.

At the conclusion of the jury trial, the defendant requested that the fireman's rule be charged, that the jury be instructed that it is a policeman's duty to make arrests, and that if the jury should find that defendant's conduct was merely negligent or careless it must find in favor of defendant. The trial court refused to charge the fireman's rule on the ground that it was inapplicable to the facts of the case.

The jury returned a verdict in favor of plaintiffs. It found defendant 90% negligent and plaintiff officer 10%. The officer's damages were found to be $70,000 and his wife's $5,000. The trial court adjusted the damages in conformity with the findings

---

[2]While it appears that plaintiffs' proofs may have supported a cause of action based on intentional tortious conduct, plaintiffs apparently elected to charge defendant only with negligence.

as to comparative negligence and entered judgment accordingly. On appeal, the Appellate Division, in an opinion reported at 174 *N.J.Super.* 619 (1980), also held that the fireman's rule was inapplicable, and affirmed the judgment in favor of plaintiffs. We granted certification, 85 *N.J.* 470 (1980), and now affirm.

The fireman's rule is generally followed throughout the United States.[3] See annotation, "Duty and liability of owner or occupant of premises to fireman or policeman coming thereon in discharge of his duty," 86 *A.L.R.2d* 1205 (1960). A substantial number of states have also extended the rule to policemen. *Id.* at 1221; *e. g., Walters v. Sloan,* 20 *Cal.*3d 199, 142 *Cal.Rptr.* 152, 571 *P.2d* 609 (Sup. Ct.1977). The precise basis for the rule varies from jurisdiction to jurisdiction. Some states take the position that a fireman who enters upon premises in the discharge of his duty has the status of a licensee and is owed by the property owner only that duty which is owed a licensee. *E. g., Whitten v. Miami-Dade Water & Sewer Auth.,* 357 *So.2d* 430, 432 (Dist.Ct.App.Fla.1978), *cert.* den., 364 *So.2d* 894 (Fla.1978); *Pallikan v. Mark,* 163 Ind.App. 178, 179, 322 *N.E.2d* 398, 399 (Ct. App.1975). Others classify firemen as invitees. *E. g., Horcher v. Guerin,* 94 *Ill.App.*2d 244, 246–247, 236 *N.E.2d* 576, 578 (App.Ct.1968); *Strong v. Seattle Stevedore Co.,* 1 *Wash.App.* 898, 901–904, 466 *P.2d* 545, 548–549 (Ct.App.1970). Regardless of the phraseology employed, virtually all jurisdictions agree that a person is not liable to an injured fireman for ordinary negligence which causes a fire. See, *e. g., Krauth,* 31 *N.J.* at 274.

In New Jersey, the fireman's rule has been stated in terms of assumption of risk in its primary sense rather than in words describing the fireman's status when he enters private property pursuant to his public employment. As was held in *Krauth* :

---

[3]The rule, however, is not without its critics who argue that it is inconsistent with modern concepts of tort law, *Hubbard v. Boelt,* 28 *Cal.*3d 480, 487, 169 *Cal.Rptr.* 706, 710, 620 *P.2d* 156, 160 (Sup.Ct.1980) (Tobriner, J., dissenting).

> Probably most fires are attributable to negligence, and in the final analysis the policy decision is that it would be too burdensome to charge all who carelessly cause or fail to prevent fires with the injuries suffered by the expert retained with public funds to deal with those inevitable, although negligently created, occurrences. Hence, for that risk, the fireman should receive appropriate compensation from the public he serves, both in pay which reflects the hazard and in workmen's compensation benefits for the consequences of the inherent risks of the calling. [31 *N.J.* at 274]

As heretofore noted, this Court has not considered whether our fireman's rule should be extended to policemen injured in the line of duty. Nor is it necessary for us to decide that question today because, even assuming that the fireman's rule could be applied to a policeman injured in the line of duty, we conclude that the rule would not be applicable to the facts of this case. If extended to policemen, the rule would preclude recovery by a police officer only for acts of ordinary negligence which create the occasion for a police officer's presence at the place where he is injured. It could not be asserted as a defense where, as here, after the officer arrived at the scene and the defendant was aware of his presence, the defendant committed additional and subsequent acts of negligence which directly caused the officer's injuries. See *Hubbard v. Boelt*, 28 *Cal.*3d at 487, 169 *Cal.Rptr.* at 710, 620 *P.*2d at 160 (Tobriner, J., dissenting).

We affirm the judgment of the Appellate Division but in doing so find it necessary to comment on that portion of the Appellate Division opinion which disapproved the Law Division decision in *Berko v. Freda*, 172 *N.J.Super.* 436 (Law Div.1980). In *Berko*, the defendant had left his car with the key in the ignition and it was stolen. Plaintiff, a police officer, having been notified of the theft, spotted the car, gave chase and stopped it. As he attempted to make an arrest, the thief drove off and plaintiff was dragged and injured. 172 *N.J.Super.* at 437. In the officer's suit for damages against the owner of the stolen car, the trial court found the fireman's rule to be applicable and granted a summary judgment in favor of the defendant car owner. *Id.* at 440–442. In so ruling, the trial court held

that a person would not be liable to a police officer for acts of ordinary negligence which merely created the occasion for the officer's presence at the place where he was injured. *Id.*

The Appellate Division in this case disapproved that ruling, citing this Court's earlier opinion in *Hill v. Yaskin,* 75 *N.J.* 139 (1977). 174 *N.J.Super.* at 623. *Hill* involved a situation somewhat similar to *Berko.* Defendant had left her keys in her car at the direction of a parking lot attendant and the car was stolen from the lot. The following day, the plaintiff, a police officer, spotted the stolen car with some youngsters in it. He gave chase and a collision between the two vehicles resulted in injuries to him. 75 *N.J.* at 140–141. The Appellate Division affirmed summary judgment in favor of the defendant car owner, 138 *N.J.Super.* 264 (1976), but on certification, a majority of this Court held that a question of fact existed as to whether the owner of the car could be held liable for negligence. 75 *N.J.* at 147–148.

In *Berko,* the trial court perceptively noted that the fireman's rule was never raised as an issue in *Hill* and, thus, was not considered by this Court in reaching its decision. We agree with its conclusion that *Hill v. Yaskin* lacked precedential value insofar as the applicability of the fireman's rule was concerned. Moreover, the facts of *Berko,* heretofore summarized, are distinguishable from the present case.

Affirmed.

*For affirmance* —Chief Justice WILENTZ, and Justices SULLIVAN, PASHMAN, SCHREIBER, HANDLER and POLLOCK —6.

*For reversal* —None.