213 N.J. Super. 604 (1986)
517 A.2d 1242
RONALD WILLIAMS AND HOLLIS WILLIAMS, HIS WIFE, PLAINTIFFS,
v.
STEVEN LEVITT, FRANCES LEVITT AND JOHN DOE (NAME BEING FICTITIOUS AND UNKNOWN), DEFENDANTS.
Superior Court of New Jersey, Law Division Monmouth County.
Decided September 3, 1986.
*605 Michael D. Schottland for plaintiffs (Chamlin, Schottland, Rosen, Cavanagh & Uliano, attorneys; Charles J. Uliano on the brief).
James J. Barry for defendants (Mauro & Barry, attorneys).
SELIKOFF, J.S.C.
At approximately 8:15 a.m., October 5, 1983, plaintiff, Ronald Williams, a police officer, was dispatched along with a partner to investigate the activation of a burglar alarm at premises owned by the defendants, Steven and Frances Levitt, at 210 Belmont Ave., Ocean Township, New Jersey.
While canvassing the scene to determine the cause of the alarm, plaintiff Williams was injured when his right foot stepped in a hole in defendant's yard, measuring about 12 by 8 inches. It is alleged by plaintiff that the hole was neither visible nor apparent due to the grass surrounding it having been trimmed to a height even with the rest of the lawn. Plaintiff Williams filed suit upon the theory that the defendants, being under a duty to maintain the premises, negligently *606 failed either to properly maintain them or provide an adequate warning. In answering the complaint, defendants admitted ownership of the premises, but denied any negligence on their part.
Defendants now move for summary judgment, arguing that under the so-called "Fireman's Rule" they are immune from liability for damages caused to a police officer injured during the discharge of his duties. In opposition, the plaintiffs contend that the Rule immunizes only negligent acts which cause the officer's presence at the scene and injure him, and since the cause of plaintiff's injury was independent of the reason for his presence, the "Fireman's Rule" is not applicable.
The "Fireman's Rule" cases clearly show it was meant to immunize an act of ordinary negligence that injures a public safety officer when that same act is the cause of the officer's presence at the place where he is injured. McCarthy v. Ehrens, 212 N.J. Super. 249, 254 (Law Div. 1986).
The act causing the officer's presence can aptly be called "underlying negligence." What is not clear from the reported cases is the applicability of the Rule to injuries sustained independent of any underlying negligence; the situation which now confronts the Court.
The Court recognizes there is precedential language that could be construed as including the facts of this case within the ambit of the Rule. See Krauth v. Geller, 31 N.J. 270, 274-275 (1960) (recognizing authority for imposing liability for negligently-created conditions posing undue risk); Trainor v. Santana, 86 N.J. 403, 407 (1981) (additional and subsequent acts of negligence directly causing injury after officer's arrival and with defendant's awareness preclude assertion of Rule as a defense); Berko v. Freda, 93 N.J. 81, 85 (1983) ("Case law draws a distinction between injuries stemming from the negligence that brought the ... police to the scene ... and injuries suffered from independent causes that may follow").
But here no negligence is alleged as to the activation of the burglar alarm that brought the officer to the scene, and no *607 injury is proximately associated with its mere activation. There is no ordinary act of negligence associated with the purpose for the officer's presence, hence there is no underlying negligence, and for that reason this case stands apart from the usual line of decisions. To determine, therefore, whether the Fireman's Rule has application absent underlying negligence, the court must turn to the public policy from which the Rule emerges.
The policy upon which the Fireman's Rule is based is twofold: there is the notion that the citizen, although at fault, should not be made to pay twice, through taxation and damages, for the rendering of a public service and injuries incidental to that service. Berko, 93 N.J. at 88. There is additionally the idea that an act of ordinary negligence should not give rise "to liability for injuries sustained in the course of a public servant's performance of necessary, albeit hazardous, public duties." Id.
A police officer responding to a call, any call, can never be certain of what hazards he may encounter. This fact compelled our Courts to extend the "Fireman's Rule" to policemen. Id. at 86. Where ordinary, mere negligence, even when independent of the cause for the officer's presence, injures him during the course of the duties he is called upon and expected to perform, a public safety officer is barred from maintaining a suit based upon that negligence for the policy reasons underlying the Rule. Mahoney v. Carus Chemical Co. Inc., 102 N.J. 564, 573-574 (1986). Were it to be otherwise, any citizen seeking the aid of the police force may be expected to ensure that no condition even remotely giving rise to liability exists before he calls upon them to render assistance.
Because the policy underlying the Rule embraces both the citizen's negligent creation of hazards and their confrontation by police officers in the performance of their duties, the motion for summary judgment must be granted through application of the "Fireman's Rule" to the within facts.