224 N.J. Super. 441 (1988)
540 A.2d 920
MARYLAND CASUALTY CO., PLAINTIFF,
v.
ROSE HEIOT, DEFENDANT.
Superior Court of New Jersey, Law Division Special Civil Part, Bergen County.
Decided February 4, 1988.
*442 James B. Graziano for plaintiff (Psak & Parker, attorneys).
Maria I. Daniskas for defendant (Robert W. McAndrew, attorney)
EICHEN, J.S.C.
This matter is before the court on defendant's motion for summary judgment dismissing plaintiff's[1] complaint on the *443 ground that the action is barred by the "fireman's rule." Although no affidavits were filed in support or in opposition to the motion, the pertinent facts recited in the briefs do not appear to be in dispute.
On the afternoon of February 4, 1985, a firefighter employed by the Cliffside Park Fire Department, accompanied by a police officer and ambulance, responded to a first aid call at the home of defendant. Apparently defendant had fallen from her walker and required emergency medical attention. The firefighter entered the house up the front steps to evaluate the situation. Upon determining what would be needed from the ambulance, he exited the house to retrieve the required supplies and slipped on some ice which had accumulated on the edge of the front steps.
The "fireman's rule" bars suit against a landowner for an act of ordinary negligence which creates the occasion for the presence of a firefighter or a police officer at the place where he is injured. Berko v. Freda, 93 N.J. 81 (1983); Krauth v. Geller, 31 N.J. 270 (1960). "Although there is virtual unanimity with respect to non-liability for negligence as to the creation of fire, there is appreciable authority which would impose liability upon the land occupier for negligence with respect to conditions creating undue risks of injury beyond those inevitably involved in firefighting." Krauth, supra, 31 N.J. at 274. This principle was restated by our Supreme Court in Berko, 23 years later: "Of course, negligently-created risks that did not create the occasion for the firefighter's presence will give rise to a cause of action against the homeowner." 93 N.J. at 88.
In Trainor v. Santana, 86 N.J. 403, 407 (1981), the Supreme Court recognized an exception to the "fireman's rule", namely that "additional and subsequent acts of negligence which directly caused the officer's injuries" can be the basis for recovery.
*444 Since Trainor numerous cases have enunciated this principle. See, McCarthy v. Ehrens, 212 N.J. Super. 249, 255 (Law Div. 1986); Entwistle v. Draves, 194 N.J. Super. 571, 575-576 (Law Div. 1984). Stated another way, "independent and intervening negligent acts that injure the safety officer on duty are not insulated." McCarthy, supra, 212 N.J. Super. at 255; Wietecha v. Peoronard, 102 N.J. 591, 595 (1986); Mahoney v. Carus, 102 N.J. 564, 582 (1986).
Based on the foregoing exceptions, plaintiff argues that the icy conditions existing at the premises of defendant which resulted in the firefighter's injuries constitute "independent and intervening negligent acts" and, therefore, the plaintiff is entitled to recover from defendant. This court does not agree.
In New Jersey the theory underlying the "fireman's rule" is stated in terms of "assumption of risk." Krauth, supra, 31 N.J. at 273; Trainor, supra, 86 N.J. at 406. In Krauth, supra, 31 N.J. at 273, the Supreme Court recognized the rationale of insulating a landowner from liability under circumstances where it is reasonable to expect the firefighter to assume the risk of performing his duties. However, the Supreme Court also recognized that "a fireman assumes only those hazards which are known or can reasonably be anticipated at the site of the fire." Mahoney, supra, 102 N.J. at 583, quoting from Lipson v. Superior Court, 31 Cal.3d 362, 371, 182 Cal. Rptr. 629, 635, 644 P.2d 822, 828 (Sup.Ct. 1982).
Ordinarily a firefighter or police officer is summoned in circumstances of emergency where the landowner has not had time to prepare the premises for his arrival. This is especially so during winter months where unsafe conditions have been created by accumulations of snow and ice. A firefighter responding to such an emergency call has no reasonable expectation that the property has been made safe for his arrival. One engaged in this occupation does not determine whether to respond to an emergency call based on weather conditions. This is because a firefighter is likely to enter at unforeseeable *445 times under emergent circumstances. In other words weather is one of the "inherent risks of (this) calling." Cf. Krauth, supra, 31 N.J. at 274.
The case at bar does not present a situation where the landowner failed to warn of a hidden peril. See, Krauth, supra, 21 N.J. at 274; Mahoney, supra, 102 N.J. at 583. Nor does it involve "additional or subsequent" negligent acts committed after the firefighter arrived at the scene. See, Trainor, supra [emphasis supplied] and Berko, supra, 93 N.J. at 91; Mahoney, supra, 102 N.J. at 583.
This court recognizes that although "liability is not always co-extensive with foreseeability of harm [and that] ultimately [the question may be] one of public policy," Krauth, supra, 31 N.J. at 273, it prefers to pursue its analysis based on the traditional concepts of assumption of risk and the firefighter's reasonable expectations of safety, if any, rather than the pure public policy approach utilized in Williams v. Levitt, 213 N.J. Super. 604 (Law Div. 1986). The former approach appears to be the more reliable route to a more predictable result.
In Williams a police officer sustained injuries when he stepped in a hole in the landowner's yard while investigating the activation of a burglar alarm on the premises. The hole was not visible or apparent due to the evenly trimmed grass covering it. No "underlying negligence" was the cause of the officer's presence at the scene where he was injured. In reaching its conclusion that the "fireman's rule" should apply in the absence of such "underlying negligence," the court relied entirely upon the public policy pronouncements of Berko, supra, 93 N.J. at 88; namely, that a "citizen, although at fault, should not be made to pay twice, through taxation and damages, for the rendering of a public service...." Williams, supra, 213 N.J. Super. at 607. Had the Williams court applied an assumption of risk analysis, however, it may have reached a different result.
*446 In the instant case, the court has applied an assumption of risk analysis to the facts and concludes that where a firefighter's presence at the premises is in response to an emergency call, irrespective of whether there is underlying negligence, a landowner, having no obligation to inspect and prepare the premises for the firefighter, is relieved of liability under the "fireman's rule." This is because the firefighter has assumed the risk of icy conditions of the premises  a risk that is inherent in the nature of the firefighter's calling.
For the foregoing reasons, the "fireman's rule" applies and defendant's motion for summary judgment must be granted, there being no factual issues in dispute and no legal theory upon which plaintiff might recover.
NOTES
[1] Plaintiff is the workers compensation carrier for the Borough of Cliffside Park. Thomas Giagnacova, a firefighter employed by the borough, was injured during the course of his employment and received worker's compensation benefits from plaintiff. Plaintiff sues in this action to recover the money paid to Thomas Giagnacova. Plaintiff's right to recover from defendant is no greater than that of the injured firefighter. If the firefighter cannot recover, neither can plaintiff. See, Glass v. Spaits, 221 N.J. Super. 643 (Law Div. 1987).