MARK E. CHIPPS AND BARBARA G. CHIPPS, PLAINTIFFS, v. NEWMARKET CONDOMINIUM ASSOCIATION AND JOHN DOE, DEFENDANTS.

Superior Court of New Jersey
Law Division Hunterdon County

Decided May 11, 1988.

*John R. Lanza, Jr.* for plaintiffs (*Thatcher & Lanza,* attorneys).

*Susan Russo* for defendants (*Morrow, Benbrook & Curzi,* attorneys; *Donald W. Morrow* and *Susan Russo* on the brief).

GRIFFIN, J.S.C. (retired and temporarily assigned on recall).

Officer Chipps (Chipps) had been on foot patrol, checking the rear doors of buildings along Main Street in Flemington, New Jersey. He had checked the rear doors of a building owned by defendant Newmarket Condominium Association (Newmarket), and was descending a flight of outside stairs when he stumbled. He reached for a handrail to his right but could not get a firm grip because the handrail was too wide. The top of the handrail was about seven inches wide. He fell. He sues alleging serious injuries.

Newmarket has moved for summary judgment arguing that, as a matter of law, the fireman's rule precludes recovery.

The fireman's rule was adopted in New Jersey in *Krauth v. Geller,* 54 *N.J.Super.* 442 (App.Div.1959), aff'd 31 *N.J.* 270 (1960). Krauth, a salaried fireman, sustained injuries when he fell from a balcony on which the railing had not yet been installed. The house was under construction when the fire occurred. Fireman Krauth's jury verdict was reversed on appeal. In affirming the appellate decision, the Supreme Court said:

> In terms of duty, it may be said there is none owed the fireman to exercise care so as not to require the special services for which he is trained and paid. Probably most fires are attributable to negligence, and in the final analysis the policy decision is that it would be too burdensome to charge all who carelessly cause or fail to prevent fires with the injuries suffered by the expert retained with public funds to deal with those inevitable, although negligently created, occurrences. Hence, for that risk, the fireman should receive appropriate compensation from the public he serves, both in pay which reflects the hazard and in workman's compensation benefits for the consequences of the inherent risks of the calling. [31 *N.J.* at 274]

The Supreme Court added, "[a]lthough there is virtual unanimity with respect to non-liability for negligence as to the creation of fire, there is appreciable authority which would impose liability upon the land occupier for negligence with respect to conditions creating undue risks of injury beyond those inevitably involved in firefighting." *Ibid.*

Then the court gave some examples in which a land occupier would be liable: a) if the injurious hazard was created in violation of statutes or ordinance; b) where the occupier failed to utilize an available opportunity to warn the fireman of a hidden peril; and c) where the land occupier failed to exercise due care with respect to the condition of places intended as a means of access by contemplated visitors.

The fireman's rule was first extended to police officers in *Berko v. Freda,* 172 *N.J.Super.* 436 (Law Div.1980), aff'd 182 *N.J.Super.* 396 (App.Div.1982), aff'd 93 *N.J.* 81 (1983). Police Officer Berko was attempting to remove Harrigan from a car that Harrigan had stolen when Harrigan's foot hit the gas pedal, dragging Berko along and causing him injury. Officer Berko named Freda, the car owner, as a defendant for negligently leaving his keys in the car. The Supreme Court held that a police officer is precluded from recovering for acts of ordinary negligence which create the occasion for the police officer's presence at the place where he is injured. 93 *N.J.* at 89.

Police officers may recover, however, for injuries suffered from independent causes that may follow the officer's presence at the scene necessitating his initial presence, *id.* at 85, or from a subsequent act of negligence, *id.* at 91.

There are two reported Law Division cases which applied the fireman's rule to bar recovery for injuries caused by negligence. The officers were in the course of duty. There was no negligence which bought them to the scene. Each case arose on a motion for summary judgment, hence, the negligence of

defendant was assumed for the purpose of the decision. All of these factors are present in the case at bar.

The two cases are *Williams v. Levitt,* 213 *N.J.Super.* 604 (Law Div.1986) and *Maryland Casualty Co. v. Heiat,* 224 *N.J.Super.* 441 (Law Div.1988). This court respectfully disagrees with the reasoning in each.

In *Williams,* the officer caught his foot in a hole in the lawn while investigating an alarm. In *Maryland Casualty,* a fireman fell on the ice while responding to a first-aid call. As above stated, negligence must be assumed in a motion for summary judgment.

The sound policy behind the fireman's rule is set forth by the Supreme Court in both *Krauth* and *Berko.* Neither the fireman nor the policeman can recover for the negligence which brings him to the scene. The person who carelessly starts the fire cannot be held for the injury of the fireman fighting the fire. The person who, negligently, leaves the key in his car or his house unlocked is not responsible for injuries incured by a policeman while the policeman is apprehending the thief. This does not mean, however, that the officer cannot recover for ordinary negligence which causes him injury when he is where he has a right to be. In this respect he is in the same position as anyone else. The fact that he is on duty is not the test. The officer patrolling in his police car when hit by a careless driver is no more prevented from recovering than the mother driving her child to school.

In the case at bar Chipps was not responding to an emergency. Having checked the rear door, he was descending a flight of stairs intended by Newmarket as a means of access by contemplated visitors. Newmarket has a duty to provide a functional handrail. Chipps was in the same position as any other person properly on the premises.

The law in this field is not uniform throughout the country. The Supreme Court of Vermont in the case of *Cameron v. Abatiell,* 127 *Vt.* 111, 241 *A.*2d 310 (Sup.Ct.1968), was faced

with a somewhat similar situation.  In denying defendant's motion at the close of plaintiff's case it held that the policeman, who was making an inspection, had a right to assume that the premises were reasonably safe.  The court came to this conclusion after a careful analysis of cases from various other jurisdictions throughout the country.

There is another sound reason for drawing a clear line establishing the boundaries of the fireman's rule.  The basic objective of the law is justice.  However, another objective is predictability.  People should know what the law is.  Lawyers should be able to advise with reasonable confidence.  In baseball we know that a well-hit ball caught in the air is an out.  A flubbed bunt may be scored as a hit.  This is not justice, but it is a known rule.

Subtle distinctions and variations do not make for predictability.  The fireman's rule should be a defense when the suit against the defendant is based on the ordinary negligence which brought the officer to the scene, but not when the suit is based on other negligence.  It should not apply to the situation now before the court.