OLIVER BROWN TRUCKING COMPANY, INC.; OLIVER BROWN AND CARRIE BROWN, PLAINTIFFS, v. FLEXON INDUSTRIES CORPORATION; ANTHONY LAMONT HAYES; CAROLYN HAYES, AS PARENT AND GUARDIAN FOR ANTHONY LAMONT HAYES; CAROLYN HAYES, INDIVIDUALLY; THOMAS JOSEPH KUKISH, JR.; PATRICIA MARIE BUCK, AS PARENT AND GUARDIAN FOR THOMAS JOSEPH KUKISH, JR.; AND PATRICIA MARIE BUCK, INDIVIDUALLY, CECIL ALLEN, PLAINTIFF, v. OLIVER BROWN TRUCKING COMPANY, INC.,

GILBERT LANGFORD, PLAINTIFF, v. OLIVER BROWN TRUCKING COMPANY, INC., DEFENDANT, LLOYD CROOKS, PLAINTIFF, v. OLIVER BROWN TRUCKING COMPANY, INC., DEFENDANT, WILLIAM WOLLEY, PLAINTIFF, v. OLIVER BROWN TRUCKING COMPANY, INC., DEFENDANT, ALLAN PRICE KIRBY, III, PLAINTIFF, v. OLIVER BROWN TRUCKING COMPANY, INC., DEFENDANT, PLYMOUTH APEX COMPANY AND FLEXON, PLAINTIFFS, v. OLIVER BROWN TRUCKING COMPANY, INC., DEFENDANT.

Superior Court of New Jersey
Law Division Union County

Decided October 21, 1988.

*Clifford N. Kuhn* for plaintiffs Lloyd Crooks and Gilbert Langford (*Sherman, Kuhn, Justin & Wilson,* attorneys).

*Jay Krivitzky* for plaintiff William Wolley (*Krivitzky & Springer,* attorneys).

*Anthony D. Rinaldo* for plaintiff Cecil Allen (*Rinaldo & Rinaldo,* attorneys).

*Howard Mankoff* for defendant Flexon Industries Corporation (*Greenberg, Margolis, Ziegler, Schwartz, Dratch, Fishman, Franzblau & Faulkin,* attorneys).

*Mark C. Antin* for plaintiffs Oliver Brown Trucking (*Gennet & Kallman,* attorneys).

*Edward Brinkmann, Jr.* for defendant Carolyn Hayes (*Union County Legal Services,* attorneys).

*Anthony J. Riposta* for plaintiff Allan Price Kirby, III.

*Mark M. Bridge* for plaintiffs Plymouth Apex Company, Inc. and Flexon Industries Corporation (*Cozen & O'Connor,* attorneys).

*Barbara C. Robertson* for defendant Oliver Brown Trucking Company, Inc. (*Hoagland, Longo, Oropollo & Moran,* attorneys).

MENZA, J.S.C.

This is defendant's motion for summary judgment seeking to bar the claims of plaintiffs, firemen who were injured during the course of fighting a fire, based on the application of the firemen's rule.

██ The primary question in this case is whether an owner of property who knowingly maintains a defective sprinkler system violates a duty to a fireman injured while on the premises fighting a fire.

The firemen's rule holds that an owner or occupier of property is not liable to a fireman for negligence with respect to the creation of a fire. *Krauth v. Geller*, 31 *N.J.* 270 (1960). The rule does not apply to willful and wanton conduct which is defined as a "deliberate act or omission with knowledge of a high degree of probability of harm and reckless indifference to consequences." *Mahoney v. Carus Chemical Co., Inc.*, 102 *N.J.* 564, 575 (1986).

Plaintiffs are firemen who were injured as a result of the inhalation of noxious chemical fumes during the course of extinguishing a fire caused by an arsonist at defendant's premises. The premises stored combustible chemicals and contained a sprinkler system which was faulty and which violated both a local ordinance and a statute. Defendant was fully aware of this fact prior to the fire. The arsonist had gained entry into the premises through a door which defendant knew was unlocked. Plaintiffs contend that these facts constitute willful and wanton conduct for which defendant must respond to plaintiffs in damages.

This court disagrees. Neither the stored chemicals nor the faulty sprinkler system had anything to do with the intentional act of the arsonist in starting the fire. Nor have plaintiffs been able to point to any facts which would indicate that defendant was aware of prior entries into the building or of surrounding buildings to show that defendant was able to foresee the act of the arsonist. *See Butler v. Acme Markets, Inc.*, 89 *N.J.* 270 (1982). There has been, therefore, no showing by plaintiffs that defendant's conduct was willful and wanton so as to take it out of the application of the firemen's rule.

Plaintiffs also argue, however, that irrespective of the question of negligence with regard to the creation of the fire, defendant's conduct in storing combustible material, and his knowing maintenance of a faulty sprinkler system, was an independent act of negligence which subjected plaintiffs to an

undue risk of injury for which he must respond to plaintiffs in damages.

The firemen's rule does not excuse an owner from liability where he is guilty of misconduct which is independent of the causes which started the fire, and which creates an undue risk of injury beyond those normally assumed by a firefighter.

In *Krauth, supra,* 31 *N.J.* 270, the Court stated:

Although there is virtual unanimity with respect to non liability for negligence as to the creation of fire, there is appreciable authority which would impose liability upon the land owner for negligence with respect to conditions creating undue risks of injury beyond those inevitably involved in fire fighting. [at 274]

And, in *Berko v. Freda,* 93 *N.J.* 81 (1983), the Supreme Court said:

Case law draws a distinction between injuries stemming from the negligence that brought the firefighters ... to the scene in the first place and injury suffered from independent causes that may follow. [at 85]

However, the mere fact that combustible material was stored in the premises without a showing that its storage was somehow dangerous (*i.e.,* illegally stored, improperly packaged, *etc.*) is not in itself negligence.

With regard to the sprinkler system, it is clear that it was faulty and violated both the municipal fire prevention code, which requires that fire protection equipment must be maintained in an operative condition, and the statute, *N.J.S.A.* 34:6A–4, which requires that an owner protect his employees against the origin and spread of fire.

██ The question, however, is whether defendant's knowledge of the faulty sprinkler system constituted negligent conduct, and if it did, whether such negligence created an undue risk "beyond those inevitably involved in fire fighting." The answer to the question depends on whether defendant had either a statutory or common law duty of care which he owed to plaintiffs to keep and maintain the sprinkler system in good

order. Plaintiffs contend that there was such a duty and that it was violated. Again, this court disagrees.

There is nothing in the Plainfield ordinance which in anyway hints at the fact that a fire sprinkler system must be maintained for the benefit of the fireman called to the premises to fight a fire. As a matter of fact, there is every indication that the purpose of the ordinance is to provide protection only for those persons who occupy or otherwise utilize the premises.[1] The focus of the statute, *N.J.S.A.* 34:6A-4, is clear. It is a section of the "Worker Health and Safety Act," and is specifically directed at insuring the well being of an employee by imposing a duty on "every employer ... to ... furnish a place of employment which shall be reasonably safe and healthful to employees." *N.J.S.A.* 34:6A-3. Rules of statutory construction hold that where a statute or ordinance specifically mentions a class of persons covered, exclusion of other classes is thereby implied. 2A *Sutherland, Statutory Construction* (Sands ed. 1984), § 47.24 at 203.

Since neither the ordinance nor the statute is intended for the protection of firemen who come upon the premises for the purpose of fighting a fire, no statutory duty was owed by defendant to plaintiffs to maintain an adequate sprinkler system.

A Kentucky case, *Buren v. Midwest Industries, Inc.,* 380 *S.W.*2d 96 (Ky.1964), addressing a similar issue, said:

---

[1]The Plainfield Fire Code states:

Sec. 1.1 Intent of Code. It is the intent of the code to prescribe regulations ... for the safeguarding ... of life and property from hazards of fire and explosion of fire and explosion resulting from storage ... of hazardous substances and from conditions hazardous to life and property in the use or occupancy of buildings or premises.

Section 14.3 provides that existing sprinkler systems must be properly maintained. Section 14.6 provides that sprinkler systems are required for nursing homes, educational facilities, nursery homes and buildings above a certain height.

The ordinances involved here do not specify for whose protection or benefit they are intended. It is our opinion that such laws are for the protection of the lives and property of all persons who in their rightful pursuits may be affected involuntarily by a fire in or spreading from the premises to which the laws apply. That compliance with fire safety ordinances will necessarily have the effect of reducing the hazards of fire-fighting, however, is no more than incidental to the primary objective of fire prevention and control. The fact is that in the performance of his official function the fireman is a part rather than an object of fire prevention and control. [at 98]

There is, however, a common law duty of care that an owner owes to persons who enter upon his land, independent of any statutory duty which may exist. In the case of public officers, the duty that is owed is the duty of reasonable care owed to an invitee.

In *Caroff v. Liberty Lumber Co.*, 146 *N.J.Super.* 353 (A.D. 1977), the court said:

We ... hold that when a public official enters upon premises in the performance of his duties, he has, irrespective of the specific nature of his mission, the status of an invitee in respect of personal injury which he sustains while making the same use of the premises which any other invitee should have been reasonably anticipated to have made. [at 361]

Thus, a fireman who enters a property for a purpose other than to fight a fire may be doing so at the expressed or implied invitation of the owner, and is therefore, an invitee to whom there is a duty of reasonable care. *Walsh, et al. v. Madison Park Properties, Ltd.*, 102 *N.J.Super.* 134 (A.D.1968) (Firemen on property to inspect fire escape). A fireman who enters property for the purpose of fighting a fire, however, cannot be said to have entered on the business of the owner, and thus, upon his implied or express invitation. He is, therefore, not an invitee. On the other hand, he is not a licensee, because he enters the land not for his own purpose, but for the purpose of extinguishing a fire which is in the interest of the owner and the public. His status is, therefore, a hybrid one which does not fit neatly in any of the two classifications.

*Krauth, supra,* recognized this and in deciding the case on public policy considerations said:

Much has been written with respect to the duty owed to and the status of a fireman who enters private property pursuant to his public employment. He is not a trespasser, for he enters pursuant to public right. Although it is frequently said he is a licensee, rather than an invitee, it has been correctly observed that he falls within neither category, for his entry does not depend upon permission or invitation of the owner or occupier, nor may they deny him admittance. Hence, his situation does not fit correctly within the traditional concepts. [Citation omitted] His status being sui generis, justice is not aided by appending an inappropriate label and then visiting consequences which flow from a status artificially imputed. [31 *N.J.* at 272–273]

Although the firemen's status is unique, the bulk of authority holds that the duty which is owed to a fireman who enters property for the purpose of fighting a fire is that which is owed to a licensee. *See* Annot. 11 A.L.R. 597 (1982).

The *Restatement, Torts* 2d, § 345 states:

The liability of a possessor of land to one who enters the land only in the exercise or privilege, for either a public or private purpose, and irrespective of the possessor's consent, is the same as the liability to a licensee. [at ?]

In comment (e) to § 345 the drafters state:

On the other hand fireman ... entering under authority of law, without any such element of business dealing, are commonly held by the courts to stand on the same foooting as licensees. Occasionally they are called licensees; sometimes they are said to be sui generis, but on the same footing as licensees. One explanation for this lies in the fact that firemen and policemen are likely to enter at unforeseeable times, upon unusual parts of the premises, and under circumstances of emergency, where care in preparation for their visit cannot reasonably be expected; and they do not have the implied representation or assurance of such care which is the basis of the greater duty to an invitee. [*Id.* at ?]

In *Prosser and Keeton, Law of Torts* (5 ed. 1984), § 6 the authors state:

Firemen ... on the hand, traditionally have been held to be merely licensees, entering under a privilege conferred by legal authority, toward whom there is no such duty. The occupier is still required to refrain from injuring such persons intentionally or by willful and wanton misconduct, and he must exercise reasonable care for their protection in carrying on his activities, and give warning of hidden dangers of which he knows, as in the case of other licensees; but there is in general no obligation to inspect and prepare the premises for them. And the fact that the occupier himself has been negligent in starting the fire for which the fireman is called may make no difference. [at ?; footnotes omitted]

New Jersey courts appear to be in accord. In *Walsh, et al. v. Madison Park Properties, Ltd., supra,* the court said:

However, a fireman is not deemed as a matter of law to have voluntarily assumed all hidden unknown extra hazardous dangers which would not be reasonably antnicpated or foreseen (citation omitted), and liability may be imposed upon a landowner for failure to use an available opportunity to warn of a hidden peril, or negligence with respect to conditions creating undue risks of injury, i.e., risks beyond those inevitably ... involved in firefighting. [102 *N.J.Super.* at 139; citation omitted]

In *Mahoney v. Carus Chemical Co., Inc., supra,* the Supreme Court said:

A fireman assumes only those hazards which are known or can reasonably be anticipated at the site of the fire ... there are other allegations set forth in the complaint that raise triable isuses of fact as to whether these defendants are excused from liability because of the 'fireman's rule.' It may be that plaintiffs will not be able to demonstrate that, in fact, the injuries were the proximate result of the defendants' failure to warn of the structural makeup of the builidng or a hidden defect in that structure, or of its subsequent negligence in failing to properly combat the fire once it had commenced on the premises. Suffice to say that these questions are for the finder of fact to resolve. [102 *N.J.* at 583]

Considering a fireman as a licensee, for the purpose of determining the scope of duty owed to him, effectuates a proper balance between the hazards he normally assumes and anticipates as incidental to his business of fighting fires and those which result from willful and wanton misconduct and hidden defects or peril. The failure to properly maintain a sprinkler system, while negligent, is not the type of conduct which might accurately be characterized as willful or wanton. Nor can it be considered as a hidden defect or peril. There are certain risks inherent in fire fighting. Smoke and flames are part of those risks. The purpose of a sprinkler system is to extinguish a fire or prevent it from spreading. A defective system permits fire to burn, the very risk which the fireman assumes in fighting a fire.

In the case of *Jackson v. Velveray Corp.,* 82 *N.J.Super.* 469 (A.D.1964), the court, commenting on somewhat similar facts, said:

It is important to understand what is meant by "undue risks of injury beyond those inevitably involved in fire fighting." *Krauth, supra,* 31 *N.J.,* at p. 274. We take the phrase "inevitably involved" to mean "inherent." There are

certain risks inherent in fire fighting: smoke, flame and the like. The collapse of a floor, ceiling or wall of a burning building, without more, is a hazard a fireman must ordinarily anticipate (at 475) ... but the critical question again is whether the hazard from the spreading fire, in respect of the missing fire stops, was inherent or inevitable in the work of fire fighting. Firemen commonly encounter risks which are increased by all kinds of shortcomings in the maintenance of buildings from a fire prevention standpoint. [at 481–482]

Defendant's negligence in failing to properly maintain his sprinkler system did not reach the level required to breach a duty owed to a licensee. Under the circumstances, since there is no breach of duty on defendant's part, he cannot be held responsible for his negligence.

In summary, this court concludes that defendant's conduct was not willful and wanton with regard to the creation of the fire. The court also concludes that, since neither the Plainfield ordinance nor the statute create a duty owed to plaintiffs by defendant, their violations impose no liability upon defendant. Finally, this court concludes that the common law duty owed by defendant to plaintiffs was that of the duty owed to a licensee, and since the faulty sprinkler system constituted, at best, an act of ordinary negligence, defendant is not liable to plaintiffs.

MOTION GRANTED.