245 N.J. Super. 188 (1991)
584 A.2d 843
EDWARD J. PACENTI AND PHYLLIS PACENTI, PLAINTIFFS-APPELLANTS,
v.
HOFFMAN-LA ROCHE, INC., THE JOHANSEN COMPANY, FISHBACH CORP., JOHN DOE AND RICHARD DOE, DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued December 10, 1990.
Decided January 8, 1991.
*189 Before Judges J.H. COLEMAN and DREIER.
Anthony J. Danzo argued the cause for appellants (Ronald Pittore, on the brief).
Kerry M. Parker argued the cause for respondent Hoffman-LaRoche, Inc. (Crummy, Del Deo, Dolan, Griffinger & Vecchione, attorneys; Kerry M. Parker and Michael P. Hickey on the brief).
David N. Cohen argued cause for respondent The Johansen Company (Budd Larner Gross Rosenbaum Greenberg & Sade, attorneys; Donald P. Jacobs, on the brief).
The opinion of the court was delivered by DREIER, J.A.D.
Plaintiff appeals by leave granted from summary judgment entered in favor of defendant Hoffman-LaRoche, Inc. Plaintiff asserts that Hoffman-LaRoche is liable to him in negligence for slip and fall injuries while he was working in the employ of codefendant The Johansen Company. Hoffman-LaRoche contends that plaintiff also was a "special employee" of Hoffman-LaRoche, having worked there as a millwright for over five years.
Plaintiff's working arrangement was unusual in that he was a direct employee of the Johansen Company, which in turn had a contract with Hoffman-LaRoche to supply maintenance personnel. This contract specifically provided that the personnel were not direct employees of Hoffman-LaRoche. The trial judge, however, applied the common-law tests of employment *190 and found that plaintiff was a special employee in that the Hoffman-LaRoche maintenance foreman controlled plaintiff's day-to-day work performance and had the power to fire him. In arriving at this conclusion, the judge accepted plaintiff's deposition testimony over his contrary later certification, and then applied the standards set forth in Santos v. Standard Havens Inc., 225 N.J. Super. 16, 541 A.2d 708 (App.Div. 1988).
In his deposition, plaintiff is clear that over a five-year period he received his daily work assignments from the Hoffman-La Roche foreman, Larry Ehasz. While plaintiff and the other Johansen employees had their own area within the maintenance department where they would gather and keep their tools, each day they would meet with the millwrights employed directly by Hoffman-LaRoche to receive their work assignments from Mr. Ehasz. Usually the work assignments would be in writing, but sometimes they would be oral, and plaintiff would be told to work first on one job and then on another within the Hoffman-LaRoche facility. All the equipment on which plaintiff worked was that which was used in the Hoffman-LaRoche manufacturing process. The Hoffman-LaRoche foreman prepared plaintiff's time sheets, which plaintiff would then submit to Johansen in order to be paid.
Plaintiff filed a contrary certification in opposition to the summary judgment motion. In that certification he stated that his "immediate boss and supervisor of the job was Burt Schurm," a Johansen employee who "solicitated jobs from Hoffman-LaRoche and could dictate the work." In this certification he further stated that
Hoffman-LaRoche had no control of me and could not fire me ... only Johansen could pull me off the job and send me elsewhere. Hoffman-LaRoche never dictated to me how to do the job, but just provided Johansen employees with orders that had to be accomplished.
The line between an independent contractor and a special employee is a fine one. It has been explored not only in the Santos case, supra, but also recently in Murin v. Frapaul Constr. Co., 240 N.J. Super. 600, 573 A.2d 989 (App.Div. 1990), *191 and Antheunisse v. Tiffany & Co., Inc., 229 N.J. Super. 399, 551 A.2d 1006 (App.Div. 1988), certif. den. 115 N.J. 59, 556 A.2d 1206 (1989). The analyses in these cases all start with Professor Larson's three-part test to determine whether the employee is a special employee or an independent contractor. See 1C Larson Workmens' Compensation (1986), § 48.00 p. 8-405, quoted in Murin, 240 N.J. Super. at 607, 573 A.2d 989, and in Antheunisse, 229 N.J. Super. at 402-403, 551 A.2d 1006. Similar standards were applied in Santos, except that the court in Santos did not require the employee to have made "a contract of hire, express or implied, with the special employer," the first of the Larson criteria. This criterion was deemed satisfied in Antheunisse where the plaintiff was an employee of a temporary personnel agency, placed in defendant's packing department during the Christmas season. The employee had been hired by and was paid solely by the direct employer. The court found, however, that the "contract" element could be satisfied by the employee's implied acceptance of the day-to-day control and management by the special employer, i.e.,
when she reported voluntarily to work, complied with store policies and accepted the training and guidance provided by defendant ... aware that she would be terminated from her employment if she failed to submit to defendant's direction and control. [229 N.J. Super. at 404, 551 A.2d 1006].
In Murin, a finding of special employment was rejected by the court because this condition was not satisfied. The court there found that there must be an understanding between the employee and the two employers that the employee was subject to the direction of the temporary employer as to the details of his job.
[U]sually the courts have vigilantly insisted upon a showing of deliberate and informed consent by the employee before an employment relationship will be held to bar a common law suit. [240 N.J. Super. at 608, 573 A.2d 989].
The court did acknowledge, however, that
consent to a new contract with a special employer may be implied from the employee's acceptance of the special employer's control and direction, [but] such acceptance may actually be a continuance of obedience to the general employer's commands. [Id. at 609, 573 A.2d 989].
*192 As noted earlier, Santos avoided the question entirely, and determined that special employment may be found alternatively under a "right to control" test or a "relative nature of the work" test. Unfortunately, a synthesis of the rules espoused in these three cases is difficult in that Murin does not analyze the arguments made in Antheunisse or Santos, and Antheunisse likewise does not discuss the Santos rationale.
Were this case a closer one on the facts, we might again delve into this issue and try to add a fourth voice to this already discordant chorus. Accepting for the moment plaintiff's deposition testimony concerning the nature of his work, we find it all but impossible to disagree with the trial judge's finding that Hoffman-LaRoche was plaintiff's special employer. For five years plaintiff had accepted the day-to-day decisions of the Hoffman-LaRoche foreman concerning where he would work within the plant and what jobs he would perform. He readily admitted that, with the exception of receiving his pay from Johansen, after turning the Hoffman-LaRoche work slips over to his Johansen supervisor at the end of the day, he was treated no differently from the direct employees of Hoffman-LaRoche. While there may have been no express contract, after five years plaintiff's agreement to accept the directions and conditions of Hoffman-LaRoche can well be implied. There is no question that the second and third elements of the Larson tests ("the work being done is essentially that of the special employer;" and "the special employer has a right to control the details of the work") were met in this case. Likewise, the "right to control" and the "relative nature of the work" tests described in Santos have been met.
The problem that gives us some pause, however, is the presence of the apparently conflicting certification filed by plaintiff in response to the motion. In one short operative paragraph plaintiff negates his detailed description of his work set forth in his deposition answers. If this certification is believed, not only would the "employment contract" prong of *193 the lessor test be unsatisfied, but the Santos criteria would also be questionable. Certainly summary judgment would be inappropriate, since ordinarily summary judgment is denied where there is a substantial issue of fact. R. 4:46-2; Judson v. Peoples Bank & Trust of Westfield, 17 N.J. 67, 73-74, 110 A.2d 24 (1954).
Plaintiff contends that it is not solely his certification that negates the special employment. He points to the express provisions in the contract between Johansen and Hoffman-LaRoche stating that the employee shall remain solely the employee of Johansen. We reject this latter argument, since the focus is not upon the relationship between the two corporations, but rather between plaintiff and each of his potential employers. The employment agreement necessary under the Larson tests involves the limited subject of supervision for workers' compensation purposes, not the general responsibility for payment of wages, withholding taxes, unemployment compensation responsibility, job benefits and the like. Therefore, as to the "special employment" question, we are left to measure the effect of the recent certification against the deposition (which was in turn corroborated by others employed at the same time with whom plaintiff had dealt).
We find, albeit with some reluctance, that there is a factual dispute which should not be resolved by a summary judgment motion. Nevertheless, our court rules do not limit us to the alternative of a trial on all of the issues (employment, negligence, and damages), especially when there is a threshold question which would obviate the need for the most time-consuming aspects of the case if the initial issue is determined adversely to plaintiff. R. 4:46-3(b) provides that if summary judgment is denied and
the case may be fully or partially adjudicated upon limited testimony, with or without specific further discovery, the court shall, if practicable, enter an order fixing a date certain for the trial of specifically identified disputed factual issues, and, if appropriate, fixing the subject, mode, and time for completion of discovery.
*194 Furthermore, there has been a jury demand in this case, and the threshold issue is one of plaintiff's status upon which different legal duties and liabilities depend. Such issues are usually jury questions. See Handleman v. Cox, 39 N.J. 95, 110-111, 187 A.2d 708 (1963); Cella v. Interstate Properties, 232 N.J. Super. 232, 242, 556 A.2d 1262 (App.Div. 1989). Therefore, if the parties press their demands for a jury, this well could be an appropriate case for the judge to hold a partial trial of the threshold issue, even after impaneling a jury. If the issue is decided for plaintiff, the employment issue shall not thereafter be retried. Except for the second jury selection process, the efforts so expended would not be duplicated in any event if the balance of the case is later tried. If, however, the decision is rendered for defendant on this issue, the parties and court will be spared the time and expense of trying the time-consuming issues of negligence and damages. Such a procedure was recommended by the Supreme Court Committee on Civil Case Management and Procedures (published as a supplement to the March 28, 1985 issue of the New Jersey Law Journal (see page 15 of that report). This proposal was also the subject of a Supreme Court response, namely:
The Court also encourages the use of partial trials and summary dispositions of threshold issues, where appropriate. [116 N.J.L.J. 518 (October 17, 1985)].
Since this factual issue is to be tried solely by reason of plaintiff's filing of the certification negating his earlier deposition, we note that under R. 4:46-6 if a summary judgment motion is denied because a factual contention has been raised in bad faith with knowledge that the contention "was a palpable sham or predicated on facts known or which should have been known ... to be false," sanctions may be imposed by the court.
Summary judgment entered in favor of defendant Hoffman-LaRoche Inc. is reversed, and the matter is remanded to the Law Division for further proceedings in accordance with this opinion.