613 A.2d 1172

RONALD McGRIFF, PLAINTIFF–APPELLANT, v. NEWARK HOUSING AUTHORITY, DEFENDANT–RESPONDENT.

Superior Court of New Jersey
Appellate Division

Argued September 15, 1992—Decided September 28, 1992.

Before Judges MICHELS, BILDER and WALLACE.

*John S. Fitzpatrick* argued the cause for appellant (*Kirsch, Gelband & Stone,* attorneys; *David Gelband,* on the brief).

*Lisa J. Andreaggi* argued the cause for respondent (*Fishman* and *Callahan,* attorneys; *Lisa J. Andreaggi,* on the brief).

The opinion of the court was delivered by

BILDER, J.A.D.

This is a personal injury, ice and snow fall-down case. Plaintiff, a Newark police officer, appeals from an order of the Law Division granting defendant Newark Housing Authority a summary judgment dismissing the complaint. From the trial

judge's oral opinion of December 20, 1991, it is clear that the action was predicated entirely upon a finding that plaintiff's claim was barred by the Fireman's Rule. *See Rosa v. Dunkin' Donuts of Passaic,* 122 *N.J.* 66, 583 *A.*2d 1129 (1991). On appeal, plaintiff contends the circumstances in which his accident occurred made the Fireman's Rule inapplicable. We agree. *See Knoetig v. Hernandez Realty Co.,* 255 *N.J.Super.* 34, 39, 44–45, 604 *A.*2d 619 (App.Div.1992).

On January 5, 1988, plaintiff was working out of a police station located in an apartment building owned and operated by defendant. While going from the police station to his car to retrieve his summons book, plaintiff slipped on ice at a point where the sidewalk adjoins the parking lot.[1]

In *Rosa v. Dunkin' Donuts of Passaic, supra,* the Supreme Court reaffirmed the principle that police and fire officers may not recover for harms caused by risks inherent and incidental to the performance of their duties.

> Firefighters and police officers must be held to assume the risks that are to be expected in encountering the hazards and risks of their job. They are risks inherent and incidental to the performance of the duties of a firefighter and police officer. Such risks properly include an ordinary act of negligence that an officer may encounter at the scene of the incident.
>
> *Id.* 122 *N.J.* at 73, 583 *A.*2d 1129.

Although the harm may be caused by negligence which is unconnected with the reason for the officer's presence, it must still bear some relation to those special risks inherent in their occupation which form the rationale for the Fireman's Rule. Thus, in *Rosa,* the harm was caused by the presence of a slippery substance on the Dunkin' Donuts floor, but the police officer was present in response to a call for emergency assistance. *Id.* at 69, 583 *A.*2d 1129. In the instant case, plaintiff's

---

[1] The police station occupies space in one of 12 large apartment buildings which form the Stella Wright projects. In patrolling the projects as a plainclothes officer, plaintiff and a partner had apprehended two suspected car thieves and taken them to the station. It was at this point plaintiff realized he had left the summons book in his parked car.

presence in the parking lot was incidental to his commutation to and from work, not a special hazard or risk of his police work. The fall was not a risk inherent in his law enforcement duties. *Id.* at 70, 583 *A.*2d 1129. *Cf. Maryland Casualty Company v. Heiot,* 224 *N.J.Super.* 441, 540 *A.*2d 920 (Law Div.1988) where the firefighter slipped on icy steps while responding to a fire; *also Cella v. Interstate Properties,* 232 *N.J.Super.* 232, 556 *A.*2d 1262 (App.Div.1989) where the officer fell on a patch of ice in parking lot while investigating the presence of a suspicious vehicle (failure to apply Fireman's Rule disapproved by Supreme Court in *Rosa*). The accident which befell plaintiff was an ordinary risk of going to work, no different than that to which any other individual who used that parking lot was at risk. To extend the Fireman's Rule to such ordinary non-police occurrences would ignore the reason for the rule.

Reversed.